In the Matter of EDUARDO MERCADO, Petitioner, v. STATE LIQUOR AUTHORITY OF THE STATE OF NEW YORK, Respondent.

First Department, March 23, 1972.

*Benjamin Cohen* of counsel (*David L. Pell,* attorney), for petitioner.

*Peter A. Malia* of counsel (*Eli Ratner,* attorney), for respondent.

McGIVERN, J. The petitioner in this article 78 proceeding is Eduardo Mercado, a native of Puerto Rico, who arrived in this country about 15 years ago. He has been the proprietor of a tavern located at 142nd Street and Broadway, Manhattan, New York City, since 1969. Before that he had been a licensed taxi driver for about eight years. The record indicates he is a family man with children, and that his life as a citizen and a licensee has been blameless.

Come the early morning of March 10, 1971, at about 3:00 A.M., a patron, one Antonio Martinez, was suddenly shot on petitioner's premises. The culprit, who was unknown to the petitioner, fled immediately. Mercado (the petitioner) attempted to assist in carrying the victim to an automobile, in order to take him to a hospital, but the victim died, outside the premises. Mercado immediately called the police. Then he busied himself in cleaning up debris, including broken glasses, and some blood, according to him, in order to avoid accidents. When the police arrived, Mercado was not completely candid, according to the two policemen who arrived, and who were the only witnesses against the petitioner in the brief hearing that resulted in a cancellation of his license.

In reviewing the sparse record, however, we find that the police initially suspected the petitioner as the possible murderer, having found a gun on the premises, and detained him until 1:00

P.M. the following day, without an interpreter. And, although we do not condone the apparent reservations of the petitioner in telling all he knew, we note his testimony to the effect: "I didn't understand too well because I was nervous." In any event, he was released and no charge was preferred against him. We note, also, that the main witness for the Authority, Detective Mendicino, conceded that the petitioner did finally co-operate:

" Q. Was it your opinion that Mr. Mercado cooperated to the extent that he was able to, or at least to the extent that he understood you?

" A. Well, yes, after a while."

And the Deputy Commissioner clearly had some reservations himself, for in reporting his findings, he said: " While the police officers evidently are of the opinion that the licensee failed to identify the perpetrator although he had seen him I cannot find on this record a basis for insisting on a positive identification by said licensee, noting that the barmaid made such identification."

We further note that all of the employees of the petitioner co-operated with the police; and on the hearing record before us, we cannot find that the petitioner, save for his panic, immediately following the shooting and his temporizing with the truth at that time, deliberately misled the police, or calculatingly withheld information. And so, in our considered judgment, we deem the cancellation of his license, and a forfeiture of his life's savings, for a sudden event, which he had no reason to foresee, is a penalty disproportionate to his offense and jolting to one's sense of fairness. (*Matter of Mitthauer* v. *Patterson,* 8 N Y 2d 37.)

We are persuaded to this conclusion by the observation that the petitioner's premises were located in a high crime area, that the episode was completely unanticipated, that he did not know the malefactor or had any reason to suspect he had a concealed weapon, and that there was no obligation on the petitioner to frisk his patrons. We note that he immediately called the police, and we are moved by the fact that as a licensee of the city authorities for about 10 years, he has an unmarked record. Thus, we decline to conclude that, for this one episode in his life, he is an unfit person to sell alcoholic beverages.

Accordingly, we decide that cancellation as a penalty for the single instance involved here is out of tune with the realities of Manhattan life, as it is today, is excessive in character, and we modify, on the law and in the exercise of discretion, to mitigate the punishment from cancellation to a suspension of 30 days,

and as modified, the determination of the Authority should be confirmed, without costs.

STEVENS, P. J., MARKEWICH, MURPHY and McNALLY, JJ., concur.

Determination of the State Liquor Authority, dated November 19, 1971, unanimously modified, on the law and in the exercise of discretion, to mitigate the punishment from cancellation to a suspension of 30 days, and as modified, the determination is confirmed, without costs and without disbursements.